Affirmed and Memorandum Opinion
filed May 3, 2011.

In
The

Fourteenth
Court of Appeals



NO. 14-10-00549-CR



Roydrick
Dominic Jiles, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 338th District Court

Harris County, Texas

Trial Court
Cause No. 1202061



 

MEMORANDUM OPINION 

            A
jury found the appellant, Roydrick Dominic Jiles, guilty of capital murder, and
the trial court sentenced him to life in prison.  On appeal, Jiles contends the
trial court erred in admitting certain photographs of the complainant when the
probative value of the photographs was substantially outweighed by the danger
of unfair prejudice.  We affirm.

I

            Jiles
does not challenge the sufficiency of the evidence supporting his conviction. 
We will briefly recite the facts of the case.

            Jiles
and Auriel Walker dated for several years.  Although their relationship was described
as “on again, off again,” they decided to have a daughter in 2007.  They broke
up some time after that, but they eventually resumed living together.  In
January 2009, Auriel called the police to their home after an incident that
resulted in her filing assault charges against Jiles.  Auriel also told Jiles to
move out, and she changed the locks on the home. 

            Jiles
returned to Auriel’s home several days later and began kicking on the door. 
Auriel attempted to reinforce the door by placing a chair against it, but Jiles
was able to kick the door open.  Jiles entered the home and pointed a gun at
Auriel’s mother, Elaine Brown Walker, who happened to be visiting, and pulled
the trigger.  Ms. Walker, the complainant, died as the result of a gunshot to
her face.

            Jiles
told Auriel, “I just killed your mama.  Your mama is dead.”  He pointed the gun
at Auriel and said, “Get the baby and let’s go.”  Jiles then drove Auriel and
their daughter to his mother’s apartment complex, where he called his mother
and confessed to the murder.  Jiles told Auriel to go to his mother’s apartment
and tell her he was about to commit suicide.

            Instead,
Auriel took her daughter and ran to a nearby convenience store.  At the store,
Auriel flagged down a police officer she had seen earlier and told the officer
that her boyfriend had just killed her mother.  Officers eventually found Jiles
slumped over in his car after shooting himself in the head.  Jiles survived his
injury.  Bullets recovered from the scenes of the murder and Jiles’s attempted suicide
were found to have come from the same gun.

II

In a single issue, Jiles contends the
trial court abused its discretion in admitting, over his objections under Texas
Rule of Evidence 403, two crime-scene photographs (State=s
Exhibits 13B14) and four autopsy photographs
(State=s
Exhibits 20–23) of the complainant=s
body.  Jiles contends that the photographs were unnecessarily graphic and gruesome,
and had significant prejudicial effect but no probative value.  

A

We review the admission of evidence for
an abuse of discretion.  Jones v. State, 944 S.W.2d 642, 651 (Tex. Crim.
App. 1996).  So long as the trial court=s
decision is within the zone of reasonable disagreement, we will not disturb it
on appeal.  Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App.
1991) (op. on reh’ing). 

Although admissible, relevant evidence
may be excluded if its probative value is substantially outweighed by a danger
that it will unfairly prejudice, confuse, or mislead the jury, if its inclusion
will result in undue delay, or if it is needlessly cumulative.  Tex. R. Evid.
403.  Generally, photographs are admissible if verbal testimony about the
matters depicted in the photographs would be admissible and their probative
value is not substantially outweighed by the Rule 403 counter-factors.  Threadgill
v. State, 146 S.W.3d 654, 671 (Tex. Crim. App. 2004).  Rule 403 favors the
admission of relevant evidence and carries a presumption that relevant evidence
will be more probative than prejudicial.  Id.  Even autopsy photographs
are generally admissible unless they depict mutilation of the victim caused by
the autopsy.  Williams v. State, 301 S.W.3d 675, 690 (Tex. Crim. App.
2009), cert. denied, 130 S. Ct. 3411 (2010).

A Rule 403 analysis by the trial court
should include, but is not limited to, the following factors:  (1) the
probative value of the evidence; (2) the potential of the evidence to impress
the jury in some irrational but nevertheless indelible way; (3) the time the
proponent needs to develop the evidence; and (4) the proponent=s
need for the evidence.  Montgomery, 810 S.W.2d at 389B90. 
Additionally, the court should consider the form, content, and context of the
photographs, including the following factors: (1) the number of exhibits
offered, (2) their gruesomeness, (3) their detail, (4) their size, (5) whether
they are black and white or in color, (6) whether they are close-up, (7)
whether the body is naked or clothed, and (8) whether the body as photographed
has been altered since the crime that might enhance its gruesomeness to the
defendant’s detriment.  Narvaiz v. State, 840 S.W.2d 415, 429 (Tex.
Crim. App. 1992); Long v. State, 823 S.W.2d 259, 272 (Tex. Crim. App.
1991).  

B

1

            Jiles
asserts that the four factors articulated in Montgomery weigh against
the admission of the complained-of photographs.  See Montgomery,
810 S.W.2d at 389B90.  Jiles first
complains of State’s Exhibits 13 and 14.  Because the State withdrew Exhibit 13
and it is not in the record, we will discuss only State’s Exhibit 14.  State’s
Exhibit 14 is a crime-scene photograph of the complainant’s upper body, including
her bloodied head, lying face-up on the floor.  The exhibit is an 8½-inch by
11-inch color photograph.[1]
 

            Jiles
next complains of State’s Exhibits 20–23, autopsy photographs of the
complainant’s injuries.  State’s Exhibit 21, however, was not admitted, so our
review is limited to State’s Exhibits 20, 22, and 23.  Like State’s Exhibit 14,
these exhibits are 8½-inch by 11-inch color photographs.  State’s Exhibit 20
depicts the complainant’s head and a portion of the shoulders; the eyes are
partially open and a red spot appears on the lower lip where the bullet
entered.  State’s Exhibit 22 is a close-up of the complainant’s mouth
accompanied by a measurement of the wound.  State’s Exhibit 23 depicts the
inside of the complainant’s mouth, showing the path of the bullet.  

            Probative
Value and Potential to Impress in Irrational Way.  Jiles contends State’s
Exhibit 14 had no probative value because it was not helpful to the jury and
did not add anything relevant to the facts.  Jiles points to a homicide
investigator’s testimony that he formed the opinion that the complainant
suffered a gunshot wound somewhere on her head “based on the blood evidence and
the blood drops on her clothing.”  The investigator confirmed that State’s
Exhibit 14 depicted the evidence on which he based his opinion.  Thus, Jiles
contends, the complainant’s appearance at the crime scene was “irrelevant.” 

            The
State introduced eight photographs depicting the crime scene as it appeared
when the police arrived at Auriel’s home after the shooting.  Most of the
photographs depict the broken front door and the general disarray of Auriel’s
home following the offense.  Only State’s Exhibit 14 depicts the complainant’s
injuries resulting from the gunshot.  The exhibit, which the investigator
testified was accurate, was relevant and probative to show the location and
state of the complainant’s body when it was discovered and the injuries
inflicted on it.  See Williams, 301 S.W.3d at 691 (photographs were
probative because they depicted both the crime scene and the victim’s
injuries); Shuffield v. State, 189 S.W.3d 782, 787–88 (Tex. Crim. App.
2006) (photographs showing location of body at crime scene and wounds that
caused victim’s death were relevant).  Therefore, the trial court did not abuse
its discretion in determining that the probative value of the photograph was
not substantially outweighed by any prejudice.

            Although
the crime-scene photograph of the complainant’s body may appear graphic or gruesome,
it is no more gruesome that the facts of the offense itself.  See Williams
v. State, 958 S.W.2d 186, 196 (Tex. Crim. App. 1997).  A trial court does
not err merely because it admits into evidence photographs which are gruesome. 
See Sonnier v. State, 913 S.W.2d 511, 519 (Tex. Crim. App. 1995) (trial
court did not err in admitting close-up photographs of damage from shotgun
blast to victim’s head and face; photographs were no more gruesome than would
be expected); see also Narvaiz, 840 S.W.2d at 429–30 (gruesome crime-scene
photographs admissible).  Therefore, the trial court did not abuse its discretion
in determining that the probative value of the photograph was not substantially
outweighed by any prejudice.

            Concerning
the autopsy photographs, Jiles points out he stipulated that these photographs
depicted the complainant, and therefore the photographs had no probative
value.  He also contends that State’s Exhibit 23 was not even shown to the jury
when the medical examiner testified.  Contrary to Jiles’s assertion, however,
the autopsy photographs are probative because they depict the injuries Jiles inflicted
on the complainant and they illustrate the medical examiner’s explanation of
the complainant’s injuries to the jury.  See Williams, 301 S.W.3d at 690;
Gallo v. State, 239 S.W.3d 757, 762–63 (Tex. Crim. App. 2007).  

            For
example, State’s Exhibit 20 reflects the location of the bullet wound as well
as stippling around the wound, which the medical examiner testified indicated
that the gun was six to twenty-four inches from the skin when fired.  State’s
Exhibit 22 is a close-up of the wound.  The medical examiner also testified
concerning the trajectory of the bullet from the complainant’s lower lip,
through the structures of the mouth and head, and into the vertebral column,
causing the complainant’s death.  Jiles complains that State’s Exhibit 23, depicting
“[l]ayers of facial skin tissue exposed during an autopsy,” is irrelevant and
could have an irrational emotional impact on jurors, but it is the only autopsy
photograph showing the path of the bullet into the complainant’s body.  Accordingly,
the probative value of these photographs is not substantially outweighed by any
unfair prejudice.  See Newbury v. State, 135 S.W.3d 22, 43–44 (Tex.
Crim. App. 2004); Hayes v. State, 85 S.W.3d 809, 816 (Tex. Crim. App.
2002).

            Time
Needed to Develop Evidence.  Jiles contends a “considerable amount of time”
was taken to lay the foundation for admission of the photographs, but he does
not direct us to any part of the record for support.  Further, the record
reflects that the admission of the photographs, over Jiles’s objections, took
very little time.  See Andrade v. State, 246 S.W.3d 217, 229 (Tex.
App.—Houston [14th Dist.] 2007, pet. ref’d) (holding time involved in
introducing photograph was minimal and unlikely to distract jury from
considering charged offense; therefore, this factor did not weigh against
admission).  

            Proponent’s
Need for Evidence.  Although Jiles contends the State presented other
photographs sufficient to show “the consequences of the defendant’s conduct and
violent nature in killing,” he does not identify these other exhibits or
explain why State’s Exhibits 14, 20, 22, and 23 were unnecessary.  As we have
already discussed, the State needed the crime-scene photograph to provide a
necessary visual component which helped the jury understand the witnesses’
testimony describing the complainant’s injuries and the manner in which she was
discovered.  Likewise, the autopsy photographs were not cumulative of other evidence
and, as discussed above, were relevant to the manner and circumstances of the
complainant’s death.  See Latimer v. State, 319 S.W.3d 128, 134 (Tex.
App.—Waco 2010, no pet.).  

            Considering
these four factors, as well as the form, content, and context of the photographs,
the trial court’s ruling that the probative value of the photographs outweighed
any prejudicial effect was within the zone of reasonable disagreement.  See
Montgomery, 810 S.W.2d at 391.  Therefore, the trial court did not abuse
its discretion by admitting State’s Exhibits 14, 20, 22, and 23 into evidence.

*
* *

            We
overrule Jiles’s issue and affirm the trial court’s judgment.








 

 

                                                                                    

                                                                        /s/        Jeffrey
V. Brown

                                                                                    Justice

 

 

Panel consists of Justices Brown, Boyce,
and Jamison.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
Jiles represents that all of the exhibits at issue are 8½-inches by 11-inches
in size.  Though the reporter’s record came to us in a digital file, we
reviewed them as 8½-inch by 11-inch photographs.